# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | : | CIVIL ACTION NO. 1:18-CV-964 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **MICHELLE BAYKO,** | : | |
| **Defendant** | : | |

## ORDER & JUDGMENT

AND NOW, this 1st day of February, 2019, upon consideration of the motion (Doc. 20) for default judgment by Malibu Media, LLC ("Malibu"), wherein Malibu seeks damages, costs, and a permanent injunction against *pro se* defendant Michelle Bayko ("Bayko") for her infringement of Malibu's copyrighted works in violation of the Copyright Act, see 17 U.S.C. § 501 *et seq.*, and specifically requests statutory damages in the amount of $1,500 per violation, for a total of $10,500; costs in the amount of $789.15; and an order enjoining Bayko from any future infringement and directing her to destroy all copies of Malibu's copyrighted works now in her possession, and it appearing that the summons and amended complaint (Doc. 12) were served on Bayko on August 29, 2018, (see Doc. 16), but that, as of the date of this order, Bayko has not pled or otherwise defended in this litigation, see FED. R. CIV. P. 12, nor has counsel entered an appearance on her behalf, and it further appearing that, that, upon request (Doc. 18) of Malibu, the Clerk of Court entered default (Doc. 19) against Bayko on December 18, 2018, see FED. R. CIV. P. 55(a), and

the court concluding that, taking the facts in the amended complaint as true, see DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005) (quoting Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)), Malibu's allegations are sufficient for default judgment purposes to establish its "ownership of a valid copyright" and Bayko's "copying of constituent elements of the work that are original," Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991), to wit: that Malibu owns valid copyrights to the seven (7) subject films identified in Exhibit A to its amended complaint, (see Doc. 12-2), and that Bayko, without authorization, downloaded and shared those films through her use of the BitTorrent protocol and file distribution network, (Doc. 12 ¶¶ 3, 10, 17-24), and the court noting, with respect to the issue of damages, that we "may conduct hearings [if] it needs to . . . determine the amount of damages," FED. R. CIV. P. 55(b)(2), but that we may order minimum statutory damages in copyright infringement matters without a hearing, see Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 544-45 (E.D. Pa. 2008), and may order an amount in excess of the minimum without a hearing when the record provides a "sufficient basis" to determine whether the requested award is "just," id.; see 17 U.S.C. § 504(c)(1), and the court further noting that the Copyright Act authorizes an award, for each violation, of an amount "not less than $750 or more than $30,000," 17 U.S.C. § 504(c)(1), and that Malibu requests double the minimum amount, or $1,500 per violation, for total statutory damages of $10,500, and the court finding that the minimum statutory damages of $750 per each violation in the matter *sub judice* will provide sufficient compensation to Malibu and

serve as an adequate deterrent to Bayko and others, particularly in view of the fact that Bayko is not alleged or shown to have been an initial seeder of the copyrighted works to the BitTorrent network, nor is she alleged or shown to have profited from her infringement, see, e.g., Malibu Media, LLC v. Henry, No. 2:14-CV-830, 2015 WL 4911112, at *2-3 (S.D. Ohio Aug. 18, 2015) (awarding $750 when defendant was not "the original user who made [Malibu's] work available to the public" nor did she "reap[] any profit from . . . participation in the infringement"); accord Malibu Media, LLC v. Cui, No. 13-5897, 2014 WL 5410170, at *4 (E.D. Pa. Oct. 24, 2014); and the court further noting, with respect to Malibu's request for injunctive relief, that an injunction is an authorized remedy in infringement actions when necessary "to prevent or restrain infringement of a copyright," 17 U.S.C. § 502(a), and that, in assessing the propriety of an injunction in the matter *sub judice*, the court must consider whether Malibu is likely to succeed on the merits; whether it will suffer irreparable harm if an injunction does not issue; whether an injunction will result in even greater harm to Bayko; and whether such relief serves the public interest, see Broad. Music, Inc., 555 F. Supp. 2d at 543 (citing Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001)), and the court observing that Bayko's default prevents a merits assessment, but finding that Bayko will not be harmed by an injunction preventing continued unlawful behavior; that the public interest supports such an injunction; and that, due to the nature of the BitTorrent file-sharing protocol, Bayko could continued to violate Malibu's statutory rights and cause irreparable

harm absent the requested injunctive relief, and the court further finding that the requested costs are reasonable, see 17 U.S.C. § 505, it is hereby ORDERED that:

1. The motion (Doc. 20) for default judgment is GRANTED.

2. Default judgment is ENTERED in favor of plaintiff and against defendant in the amount of $6,039.15, plus interest, consisting of:

    a. Statutory damages in the amount of $750 for each of seven (7) total violations, for a total of $5,250, plus interest, pursuant to 17 U.S.C. § 504(c) and 28 U.S.C. § 1961.

    b. Costs in the amount of $789.15, plus interest, pursuant to 17 U.S.C. § 505 and 28 U.S.C. § 1961.

3. Defendant is ENJOINED from directly, contributorily, or indirectly infringing plaintiff's rights under federal or state law in its copyrighted works, including, without limitation, by using the internet, BitTorrent, or any other online media distribution system to reproduce (e.g., download) or distribute its copyrighted works, or to make plaintiff's copyrighted works available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiff.

4. Defendant is further ENJOINED and ordered to destroy all copies of plaintiff's copyrighted works that defendant has downloaded onto any computer hard drive or server without plaintiff's authorization, and shall destroy all copies of the copyrighted works transferred onto any physical medium or device in defendant's possession, custody, or control.

5. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania